*By the Court.
The first objection relied upon [*87 by the plaintiff’s counsel is, that the sheriff returned a panel of twenty-four jurors. This objection is not a valid one; it is usual for the sheriff to return twenty-four although he is directed to return twelve. The counsel for the plaintiff sought to support this objection, by referring to the act, -which says that the oath shall be administered to each juror returned (Rev. Laws, 351, sec. 11;) but this is not a fair construction of the act, for if it is, then if the' sheriff returns a brother of the party as juror, he must necessarily be sworn.
As to the second objection, viz. that the twelfth and thirteenth jurors appeared but were not sworn. The fact, as we read the transcript of the justice, does not bear out the objection.
As to the third objection that the complaint does not sufficiently set forth the time. It is true that the defendant could not be gulty of an unlawful detainer until notice for' delivery given, and a demand of the premises made, but we-think all this is sufficiently expressed in the complaint.-
*108 It is said also, that Decker was holding the premises as a -tenant; that ñe rented them for one year; and that he remained afterwards, and is to be presumed, as holding -under the .original agreement. But there must be some act ■on the part'of the landlord to recognize him as a tenant.
As to the fourth objection, it is said that the notice is .insufficient, because it contains an admission that Decker is .a tenant for the year; but no such admission can be fairly inferred from the language of the notice. The language is which you have held,” and not which you now hold.
Let the judgment be affirmed.